UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| MELVIN J. TAYLOR, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 6:09-CV-195-GFVT |
| | ) | |
| V. | ) | |
| | ) | |
| WARDEN ERIC WILSON, | ) | **ORDER** |
| | ) | |
| Respondent. | ) | |

\*\* \*\* \*\* \*\* \*\*

Melvin J. Taylor is currently in the custody of the Federal Bureau of Prisons ("BOP") and confined in the United States Penitentiary-McCreary, in Pine Knot, Kentucky. He has submitted a Petition for Writ of Habeas pursuant to 28 U.S.C. § 2241.

Since the Petitioner has now paid the District Court filing fee, this matter is before the Court for screening. 28 U.S.C. § 2243; *Harper v. Thoms,* 2002 WL 31388736, \*1 (6th Cir. 2002). As Taylor is appearing *pro se,* his Petition is held to less stringent standards than those drafted by attorneys. *Burton* v. *Jones,* 321 F.3d 569, 573 (6th Cir. 2003); *Hahn* v. *Star Bank,* 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations in his Petition are taken as true and liberally construed in his favor. *Urbina* v. *Thoms,* 270 F.3d 292, 295 (6th Cir. 2001). But the Court may dismiss the Petition at any time, or make any such disposition as law and justice require, if it determines that the Petition fails to establish adequate grounds for relief. *Hilton* v. *Braunskill,* 481 U.S. 770, 775 (1987).

**I.**

Petitioner claims that the United States Parole Commission ("USPC") has applied parole

guidelines to him retroactively in violation of the U.S. Constitution's *ex post facto* clause. Petitioner states that on January 23, 1993, in the Superior Court for the District of Columbia, he was sentenced to a maximum of forty-five years imprisonment for manslaughter and for threatening to injure a person. The Judgment provided that he would be eligible for parole after serving one-third of the sentence, or fifteen years, less any good time credit earned. On May 25, 2002, he would be eligible for parole.

Accordingly, a few months before that time, the USPC held Petitioner's initial hearing. On January 28, 2002, Taylor was denied parole and a rehearing was set for three years later. [Attachment ( "Att.") B.] After his 2005 hearing, the USPC again denied parole. This time the Notice of Action, dated April 6, 2005, informed him that it would continue his incarceration to a rehearing date in February of 2010. [Att. C.]

On September 21, 2005, the Petitioner, then at the Federal Correctional Institution in Beckley, West Virginia, filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, in the district in which he was incarcerated. *Taylor v. Craig*, S.D.W.Va. No. 5:05-CV-0781. He sought immediate release on several grounds, including an *ex post facto* argument. On February 5, 2009, a Magistrate Judge issued "Proposed Findings and Recommendation," finding all of Petitioner's claims meritless and recommending dismissal. *See Taylor v. Craig*, 2009 WL 899427 (S.D.W.Va. February 5, 2009) (slip op.).

On March 24, 2009, the District Court adopted the Magistrate Judge's Report and Recommendation, except that portion finding no merit in the Petitioner's *ex post facto* claim. Taylor had claimed that in using the 2000 version of parole regulations, effective for first parole hearings held after August 5, 1998, rather than using the 1987 guidelines in effect prior to the August 5, 1998,

-2-

date, the USPC had violated the Constitution's *ex post facto* clause.  U.S. Const. Art. 1, § 9, cl. 3. ("No Bill of Attainder or ex post facto Law shall be passed.").

In its March 24th Opinion, which is attached to the instant Petition and is also now reported at *Taylor v. Craig*, 2009 WL 900028 (S.D.W.Va. 2009) (slip op.), the District Court wrote that it would "be remiss to deny Petitioner's ex post facto claim on the merits without undertaking a 'searching comparison' of the 1987 Regulations and the 2000 Regulations." *Id.* at *4.  It noted that the standard was whether application of the new regulations retroactively "creates a significant risk that he will be subjected to a lengthier incarceration than he would if the [USPC] had adhered to the rules and practices" under the 1987 regulations.  *Id.* (citing *Garner v. Jones*, 529 U.S. 244 (2000)).

After that detailed examination and noting a "stark contrast" between the two sets of regulations, the District Court formally found "that the use of the 2000 regulations creates a significant risk that Petitioner will be subject to a longer period of incarceration." *Id.* at 11. However, "notwithstanding the probable constitutional violation," the habeas Petitioner would not be entitled to the relief he sought, *i.e.*, immediate release.  *Id.* at 13.  Because the Petitioner's arguments primarily attacked the USPC procedures, rather than the decision itself, the Court ruled, "[a]t best, he would be entitled to a new parole hearing," with the Court providing instructions to the USPC.  *Id.*

In *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005), the Supreme Court of the United States held that the appropriate vehicle for prisoners to challenge the procedures used in parole-granting entities is to bring a civil rights lawsuit.  That would be pursuant to 42 U.S.C. § 1983, for state prisoners, and 28 U.S.C. § 1331, for federal prisoners.  Citing *Wilkinson*, the West Virginia District Court concluded that Taylor's *ex post facto* claim should have been brought in a civil rights action, not a

habeas proceeding.

Despite liberally construing the *pro se* Petitioner's claims and finding that Taylor presented a "probable" *ex post facto* violation, the District Court found that it could not reach the merits of the claim. It decided that it could not just take the option of construing the Section 2241 Petition to be Section 1983 Complaint. One reason was that the *pro se* Petitioner had named only the warden as the Respondent – he had not named the members of the USPC as Defendants. And USPC members should be entitled to defend themselves, while the warden is entitled to dismissal from the litigation. Ultimately, the Court denied the Petitioner's first Section 2241 Petition for failure to state a claim against the respondent warden; and the Petitioner was granted thirty days in which to amend his Petition to be a Complaint naming the Parole Commissioners as official Defendants.

Taylor filed a Motion for Reconsideration on several issues, but the result was not changed. In the Order denying the Motion, the District Court refused Petitioner's request to transfer the action to the district where he is now incarcerated, the Eastern District of Kentucky, as it found no authority for such a transfer. *See Taylor v. Berkebile*, 2009 WL 1362488, *1 (S.D. W.Va. May 13, 2009) (slip op.). In the final paragraph, the Court noted that Taylor had not availed himself of the chance to amend his original Petition. He had expressed his intention to pursue his § 1983 claims in the District of Columbia and his § 2241 claims in the Eastern District of Kentucky. *Id.* at *2.

This Court takes judicial notice that Petitioner Taylor has done what he intended to do. Proceeding *pro se* and *in forma pauperis*, he has submitted a Section 42 U.S.C. § 1983 Complaint in the United States District Court for the District of Columbia, *Taylor v. Reilly*, No. 1:09-CV-0072PLF, based on his *ex post facto* claim. As the Defendants in this new action, he has named the USPC Commissioners, who have already been served with process, and the time is now running for

the Defendants to answer the Complaint.

Petitioner has also filed the instant *pro se* Section 2241 proceeding in this Court, as he said he would. In this Petition also, Taylor has restricted his issues to only one, the *ex post facto* claim. He asks this Court to declare that the USPC's actions in applying 2000 parole regulations were a violation of the *ex post facto* clause; issue an Order directing the USPC to hold another parole hearing, consistent with the 1987 guidelines; and "release Petitioner on parole accordingly."

**II.**

Taylor's new Section 2241 Petition must be denied. As Taylor was told by the United States District Court for the Southern District of West Virginia, the law requires that challenges to a parole entity's procedures for making its parole decisions must be brought in a civil complaint – not a habeas petition. *Martin v. Overton*, 391 F.3d 710 (6th Cir. 2004) (citing cases). "[T]he district court should have dismissed the petition without prejudice to allow Martin to raise his potential civil rights claims properly as a § 1983 claim." *Id.* at 714; *see also Ruiz v. Campos*, 547 F.Supp.2d 682 (W.D.Texas 2008).

Taylor's filing of another Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 is contrary to the instructions given to him in the other federal district court. Although he has limited the issues this time – bringing only the *ex post facto* claim – his arguments on the issue are virtually identical to those made in his earlier Petition and the discussion in the previous federal courts' opinions. The West Virginia Court held that Petitioner Taylor failed to state a cognizable habeas claim, a ruling which Taylor did not appeal. Rather, repeating his role as Petitioner with the same *ex post facto* claim, he has come to this Court. Again he has named his current Warden as the Respondent and has not named any Commissioners as Defendants. Thus, he is trying to start over

again with the same parties and the same *ex post facto* habeas claim.

The Court need not consider such successive petitions. Reasserting a habeas claim previously decided by a another court constitutes an abuse of the writ, which is ground alone for rejecting the claim. *Rosales-Garcia v. Holland*, 322 F.3d 386, 398 n.11 (6th Cir. 2003). Also, the Court retains inherent authority to deter such abusive conduct, including denying *in forma pauperis* status in future cases or refusing to accept additional complaints or habeas petitions for filing. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991); 28 U.S.C. § 1651.

Now, however, the Court will assume that a warning is sufficient today. As a *pro se* Petitioner, untrained in the law, Taylor may have brought the *ex post facto* claim in both a Section 2241 proceeding in this Court and a Section 1983 case in the District of Columbia, in an abundance of caution. Also, principles of *res judicata*, barring re-litigation, can be raised *sua sponte* by the Court. *See Holloway Const. Co. v. U.S. Dept. of Labor*, 891 F.2d 1211 (6th Cir. 1989).

The fact remains that Petitioner's *ex post facto* claim was dismissed without prejudice in West Virginia and he has obeyed that Court's instruction to file the *ex post facto* claim in a civil rights lawsuit against the USPC Commissioners. Thus, his claim about the USPC's use of the 2000 regulations rather than those from 1987 will be heard in the United States District Court for the District of Columbia, after the USPC Commissioners have an opportunity to defend.

Accordingly, this Court finding that Petitioner Taylor has failed to state a claim upon which it may grant habeas relief, and being otherwise advised, **IT IS ORDERED** as follows:

(1)    Melvin J. Taylor's Petition for Writ of Habeas Corpus is **DENIED**;

(2)    this matter will be **DISMISSED,** *sua sponte,* without prejudice, from the Court's docket; and

(3)     Judgment shall be **ENTERED** contemporaneously with this Order in favor of the named Respondent.

This the 30th day of July, 2009.

Signed By:
*Gregory F. Van Tatenhove*
United States District Judge